```
               IN THE UNITED STATES DISTRICT COURT
            FOR THE EASTERN DISTRICT OF PENNSYLVANIA

RASON ANGELO HORTON            :        CIVIL ACTION
                               :
           v.                  :
                               :
GLEN MILLS SCHOOL et al.       :        NO. 22-1149
```

MEMORANDUM

Bartle, J.                                      October 20, 2022

        Plaintiff Rason Angelo Horton, proceeding pro se, has sued defendants Glen Mills School, Mike Sabin, and John Morabito under 42 U.S.C. § 1983. He alleges that he was sexually assaulted while a student at the school. Before the court is the motion of defendant Glen Mills School to dismiss this action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that the action is barred by the statute of limitations.[1] Plaintiff has not responded to the motion.[2]

---

1. The defendants Mike Sabin and John Morabito have not been served with the complaint.

2. Although plaintiff has not filed an opposition to this motion, the court still must conduct an "analysis of the merits of the underlying complaint" as plaintiff is proceeding pro se. Husick v. Allegheny Cty., 304 F. App'x 977, 979 (3d Cir. 2008) (citing Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (3d Cir. 1991)).

I

When considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court must accept as true all well-pleaded factual allegations in the complaint and draw all reasonable inferences in the light most favorable to the plaintiffs.  See Phillips v. Cty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008); Umland v. PLANCO Fin. Servs., Inc., 542 F.3d 59, 64 (3d Cir. 2008).

The court may also consider, in deciding such a motion, "exhibits attached to the complaint and matters of public record."  Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993) (citing 5A Charles Allen Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (2d ed. 1990)).  More recently, our Court of Appeals explained that it is proper to take into account "matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case."  Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006) (citing 5B Charles Allen Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (3d ed. 2004)).

II

Plaintiff was a student housed at Glenn Mills School in 1999.  He alleges that on June 18, 1999 he was sexually

assaulted by defendant Mike Sabin, a Glen Mills School employee. He also asserts that defendant John Morabito, another Glen Mills School employee, witnessed the assault and told him not to report the incident.  Plaintiff claims that the defendants violated his Eighth Amendment and Fourteenth Amendment Due Process rights.  He seeks a declaration stating that his rights were violated as well as punitive and compensatory damages.

The complaint, which was filed on March 23, 2022, does not identify the age of the plaintiff when the assault took place.  As a result, after the defendant filed its motion to dismiss, the court ordered the defendant to file a declaration disclosing the plaintiff's date of birth as contained in its records.  The defendant has done so, and the plaintiff has not challenged the declaration.  According to this declaration, the plaintiff was born in 1983 and was fifteen years old at the time of the incident in question.  In deciding the pending motion, the court may consider his date of birth as integral to his claim.  See Buck supra.

### III

Section 1983 claims are subject to the forum state's analogous statute of limitations.  See Wilson v. Garcia, 471 U.S. 261, 280 (1985).  In Pennsylvania, its two-year statute of limitations for personal injuries is generally applicable to

Section 1983 claims.  See Smith v. City of Pittsburgh, 764 F.2d 188, 194 (3d Cir. 1983); 42 Pa. C.S. § 5524(2).

The Pennsylvania General Assembly in recent years has three times extended the two-year statute of limitations for claims of minors.  See Harris v. Philadelphia Protectory for Boys, Civil Action No. 17-2874, 2018 WL 1123766 at *2, March 1, 2018 (E.D.Pa. 2018).  In 1984, it added a tolling provision so that the two-year statute of limitations for personal injury claims would not run until two years after the minor reached the age of majority.  42 Pa. Stat. and Cons. Stat. Ann. § 5533(b) (West).  In 2002, the statute of limitations was extended for allegations involving the sexual abuse of a minor until the minor reached the age of 30.  42 Pa. Stat. and Cons. Stat. Ann. § 5533(b)(2)(i) (West).  Finally, in 2019, the General Assembly further extended the statute of limitations for minors with sexual assault claims until 37 years after the minor reached the age of majority, that is, until the minor reached the age of 55. Id, amended by 2019 Pa. Legis. Serv. Act 2019-87, H.B. 962 (November 26, 2019).

Significantly, these amendments do not apply retroactively.  Under the Pennsylvania Statutory Construction Act of 1972, a statute should not "be construed to be retroactive unless clearly and manifestly so intended by the General Assembly."  1 Pa. Stat. and Cons. Stat. Ann. § 1926

4

(West).  None of these amendments manifest any intent to apply them retroactively.  In fact, the 2019 amendment to Section 5533 explicitly states that the amendment "shall not be applied to revive an action which has been barred by an existing statute of limitations on the effective date of this section."  2019 Pa. Legis. Serv. Act 2019-87, H.B. 962, § 10(1) (November 26, 2019). The United States Court of Appeals for the Third Circuit has explained that amendments to Section 5533 do not apply retroactively to claims that were already time-barred by the effective date of the amendment.  See, e.g., Lake v. Arnold, 232 F.3d 360, 366 (3d Cir. 2000); Kach v. Hose, 589 F.3d 626, 641 (3d Cir. 2009).

Defendant is correct that the plaintiff's claim is time-barred.  At the time of the alleged incident in 1999 at Glen Mills School, the plaintiff was a fifteen-year-old student. He did not file his complaint until March 23, 2022, 23 years after the alleged incident, when he was 38 years old.  The statute of limitations, as amended in 1984, did not expire for his claim until 2003, two years after he reached his majority. In 2002, before the statute of limitations had run, Section 5533 was amended so that he had until 2013, that is until he was 30 years old, to file his lawsuit.  He did not do so until 2022. By the time of the 2019 amendment, the time to file had passed.

Since the 2019 amendment was not retroactive, his claim is not timely.

The plaintiff has filed a stale claim. Accordingly, the motion for defendant Glen Mills School to dismiss the plaintiff's complaint will be granted as time barred.

Since the 2019 amendment was not retroactive, his claim is not timely.

The plaintiff has filed a stale claim. Accordingly, the motion for defendant Glen Mills School to dismiss the plaintiff's complaint will be granted as time barred.